UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 18-12062-RGS

JEANIE MOTOWSKI

v.

FERRING PHARMACEUTICALS INC.

MEMORANDUM AND ORDER ON DEFENDANT'S
MOTION FOR JUDGMENT ON THE PLEADINGS

February 14, 2019

STEARNS, D.J.

Jeanie Motowski, proceeding *pro se*, brought this lawsuit in Essex Superior Court against her former employer, Ferring Pharmaceuticals Inc., for wrongful termination. The Second Amended Complaint alleges violations of the anti-retaliation provisions of Title VII of the Civil Rights Acts of 1964 and Mass. Gen. Laws ch. 151B, § 4. More specifically, Motowski alleges that Ferring retaliated against her for filing an internal workplace harassment complaint. Ferring removed the case to the federal district court and now moves for judgment on the pleadings. For the reasons to be explained, Ferring's motion for judgment on the pleadings will be allowed.

# BACKGROUND

The facts, viewed in the light most favorable to Motowski as the nonmoving party, are as follows. In August of 2015, Motowski began working as a Regional Sales Specialist for Ferring. In January of 2016, Motowski filed an internal complaint through Ferring's Alert Line in which she described inappropriate conduct by her coworkers, including "sexually-degrading and/or appearance-related comments." Mem. (Dkt # 20), Ex. 1.[1]

Motowski's original supervisor was Ryan Schmalz, the Northeast District Manager. In conducting Motowski's annual review on March 18, 2016, Schmalz identified some issues but characterized her performance as "satisfactory." Second Am. Compl. (Dkt # 13) ¶¶ 40-41. He also awarded her "a merit increase in pay." *Id.* ¶ 41. In June of 2016, Schmalz began a leave of absence. Brian Campbell, the Regional Director, then became Motowski's supervisor. On August 3, 2016, Campbell issued Motowski a written warning for sending unprofessional emails to coworkers. On August 18, 2016, Ferring

---

[1] The court may consider this report, along with the MCAD Charge and Dismissal, because they are referenced in or central to the Second Amended Complaint. *See Lydon v. Local 103, Int'l Bhd. of Elec. Workers*, 770 F.3d 48, 53 (1st Cir. 2014) ("On a motion to dismiss, . . . a judge can mull over 'documents incorporated by reference in [the complaint], matters of public record, and other matters susceptible to judicial notice.'") (citation omitted and second alteration in original).

terminated her allegedly because of a "disrespectful" email she had sent to Campbell two days earlier.  *Id.* ¶ 58.

On October 14, 2016, Motowski filed a charge of discrimination with the Massachusetts Commission Against Discrimination (MCAD) and the Equal Employment Opportunity Commission (EEOC), alleging retaliation. After the MCAD found a lack of probable cause on July 14, 2017, Motowski initiated this lawsuit in Essex Superior Court on June 22, 2018.  Defendants then removed the case to this court on October 3, 2018.

## DISCUSSION

A Rule 12(c) motion for judgment on the pleadings "is treated much like a Rule 12(b)(6) motion to dismiss."  *Perez-Acevedo v. Rivero-Cubano*, 520 F.3d 26, 29 (1st Cir. 2008).  Thus, to survive, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Two basic principles guide the court's analysis.  "First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."  *Iqbal*, 556 U.S. at 678.  "Second, only a complaint that states a plausible claim for relief survives . . . ."  *Id.* at 679.  A claim is facially

plausible if its factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.

To make out a prima facie case of retaliation under Title VII and Massachusetts law, Motowski must show that (1) she engaged in a protected activity; (2) she suffered a materially adverse action; and (3) the adverse action was causally linked to her protected activity.[2] *Mole v. Univ. of Massachusetts*, 442 Mass. 582, 591-592 (2004); *see also Prescott v. Higgins*, 538 F.3d 32, 43 (1st Cir. 2008).[3] Protected activity may consist of opposition to an unlawful practice.[4] While Motowski is not required to show that her

---

[2] Ferring does not dispute that Motowski suffered a materially adverse action, namely her termination. Motowski, for her part, alleges additional adverse actions "within close temporal proximity" of her filing of the report, including receiving a "decreased" workload and being assigned "difficult" sales targets. Second Am. Compl. (Dkt # 13) ¶ 64.

[3] In construing Chapter 151B, Massachusetts courts look to federal law for guidance. *See Tate v. Dep't of Mental Health*, 419 Mass. 356, 361 (1995) ("In construing the Commonwealth's employment discrimination statute, we have looked to the considerable case law applying the analogous Federal statute for guidance."). Both state and federal law require "but-for" causation. *Univ. of Texas Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 362 (2013); *see also Lipchitz v. Raytheon Co.*, 434 Mass. 493, 504 (2001) ("[I]n indirect evidence cases the plaintiff must prove that the defendant's discriminatory animus was the determinative cause . . . in bringing about the adverse decision.").

[4] 42 U.S.C. § 2000e-3(a) also protects against retaliation for participation in an agency proceeding regardless of the merits of the underlying complaint. This protection is not at issue here because

opposition involved an actual violation of law, she must demonstrate that she was motivated by "a good faith, reasonable belief that the underlying challenged actions" were in fact unlawful. *Fantini v. Salem State Coll.*, 557 F.3d 22, 32 (1st Cir. 2009) (citations omitted); *see also Wyatt v. City of Boston*, 35 F.3d 13, 15 (1st Cir. 1994) (same).

Motowski alleges that she "engaged in protected activity when she filed . . . [her] sexual harassment" internal complaint. Second Am. Compl. (Dkt # 13) ¶ 63. In the referenced January 15, 2016 filing, Motowski complained of "physical injury caused by a hostile district colleague, multiple sexually-degrading and/or appearance-related comments from colleagues, inappropriate questionings about personal finances and grossly unfair handling by the direct supervisor." Mem. (Dkt # 20), Ex. 1. The internal complaint recounted how a female coworker "slammed" a car door on her hand and failed to wait for her after they shared an Uber ride. *Id.* It also detailed how two female coworkers, at a work dinner, asked "sarcastic and direct questions about how many square feet [her] house was" and "made cutting comments about [her] appearance." *Id.*

Motowski's MCAD/EEOC charge was not filed until well after the adverse action had occurred.

Ferring contends, and the court agrees, that whatever one makes of Motowski's allegations, they fail to support her contention that her complaint amounted to protected activity, namely opposition to unlawful discrimination. *See Morales-Cruz v. Univ. of Puerto Rico*, 676 F.3d 220, 226 (1st Cir. 2012) (holding that the plaintiff's "factual allegations [did] not support a reasonable inference that she was engaging in protected conduct when she opposed the [allegedly discriminatory] remarks made"). Although Motowski is correct that an internal complaint can be "a valid method of opposition," Opp'n (Dkt # 22) at 4, not all complaints qualify.

Two cases that are instructive and on point are *Fantini* and *Ponte v. Steelcase Inc.*, 741 F.3d 310 (1st Cir. 2014). In *Fantini*, the First Circuit held that the plaintiff's complaints to her supervisor about a male employee violating "Conflict of Interest Law and Financial Disclosure Law" did not amount to protected activity because, even if true, such a violation "is not an unlawful employment practice under Title VII." 557 F.3d at 32. In *Ponte*, the First Circuit found it "doubtful" that the plaintiff engaged in protected activity when she called human resources to express that she was "uncomfortable" with her direct supervisor's conduct because the call lacked detail and was "far from a clear complaint about harassing behavior." 741 F.3d at 321-322.

The severally attributed comments of Motowski's coworkers about her appearance and allegedly parlous finances are not the stuff with which a plausible discrimination complaint is made.[5]  *See Lehman v. Prudential Ins. Co. of Am.*, 74 F.3d 323, 329 (1st Cir. 1996) ("Isolated, ambiguous remarks are insufficient, by themselves, to prove discriminatory intent."); *Finney v. Madico, Inc.*, 42 Mass. App. Ct. 46, 50-51 (1997) ("[A]n isolated, ambiguous, or stray remark is insufficient, standing alone, to prove discriminatory employment action.").[6]  This is true even where the objected-to remarks are mean, catty, or tasteless.  As the Fourth Circuit has observed, "Title VII is not

---

[5] In the Second Amended Complaint, Motowski alleges that Schmalz "justified sexual degradation," assigned her to "'pervert' doctors," made "multiple offensive comments about male genitals," "joked about male genitalia," and "displayed obscene gestures at meetings."  Second Am. Compl. ¶¶ 15, 16, 19, 26, 35.  She also alleges that because Schmalz was "a subject of the internal investigation" that ensued from her internal complaint, he "systematically began setting [her] up for failure and eventual termination."  *Id.* ¶ 64.  But the relevant inquiry is, as discussed above, whether she reasonably believed that she was complaining about unlawful conduct in her initial report.  And since these allegations, while serious, were absent from that report, they are not relevant here.

[6] Notably, in an additional internal complaint filed on March 30, 2016, Motowski wrote that her "entire case revolves around the genesis of hatred//hostility" regarding seven work-related issues, none of which involves allegations of discrimination.  Mem. (Dkt # 20), Ex. 1.  Although she characterized Schmalz in the complaint as uninformed, unethical, immature, inexperienced, and divisive, she never asserted there or elsewhere – before filing her MCAD/EEOC charge – that he or anyone else had discriminated against her.

a clean language act." *Katz v. Dole*, 709 F.2d 251, 256 (4th Cir. 1983). Or in the words of the First Circuit, "'[t]he workplace is not a cocoon, and those who labor in it are expected to have reasonably thick skins . . . to survive the slings and arrows that workers routinely encounter in a hard, cold world.'" *Alvarado v. Donahoe*, 687 F.3d 453, 462 (1st Cir. 2012) (alteration in original), quoting *Suarez v. Pueblo Int'l, Inc.*, 229 F.3d 49, 54 (1st Cir. 2000). Motowski, in short, has not pled an "objectively reasonable foundation for a retaliation action." *Morales-Cruz*, 676 F.3d at 227.[7]

## ORDER

For the foregoing reasons, Ferring's motion for judgment on the pleadings is <u>ALLOWED</u>.[8] The Clerk will enter judgment for Ferring and close the case.

SO ORDERED.

/s/ Richard G. Stearns
UNITED STATES DISTRICT JUDGE

---

[7] Having so concluded, the court need not reach Ferring's alternative argument that that even assuming Motowski had pled a plausible protected activity, she has failed to plead a sufficient causal connection between that activity and her termination.

[8] As this was Motowski's "final opportunity to plead an appropriate retaliation claim against Ferring," Dkt # 11, the court will not afford her another opportunity to amend her Second Amended Complaint.